Our final case of the day is Ramos v. Piech All right, Ms. Clayton, we have you live? Yes, Your Honor. Can you hear us? Okay, good. Ms. Shapiro, please proceed. Thank you, Your Honors, and may it please the Court, my name is Lena Shapiro, and along with Robert Chapman, I represent Krzystof Ramos, the plaintiff appellant in today's case. The recitals to specific claims govern the scope of the settlement agreement releases. This matter arises out of Mr. Ramos' arrest in July 2016 where he was beaten, tased, and knocked unconscious. At the time of his arrest, Mr. Ramos had two separate lawsuits pending against Cook County and Cook County Sheriff Officers Grudowski and Jones where he alleged violations of his civil rights while he was incarcerated in the Cook County Jail. The lawsuits were filed in November 2014 and February 2016. These Cook County Jail lawsuits were settled in September 2017 where Mr. Ramos signed two separate but substantially similar settlement agreements. In June 2018, Mr. Ramos brought this lawsuit pursuant to Section 1983 alleging a violation of his Fourth Amendment rights during the July 2016 arrest at issue. Defendants filed a motion for summary judgment arguing that the settlement agreements from the Cook County Jail lawsuits barred Mr. Ramos' claims in this case and the district court agreed granting summary judgment. This court should reverse the district court's decision to grant summary judgment because the settlement agreements that Mr. Ramos signed did not release his claims for excessive force by Cook County Sheriff Officers that occurred away from Cook County Jail and are entirely unrelated to the Cook County Jail lawsuits. Summary judgment should have been reversed for two reasons. The settlement agreements covered different parties and are limited to events that occurred outside the Cook County Jail and there is no alternative basis to affirm the district court's judgment. First, the settlement agreements covered different parties and are limited to events that occurred at the Cook County Jail. Illinois law is unequivocal on this point that a release must be construed narrowly. So where there are specific claims that are mentioned in the settlement agreement release, the release is not to be interpreted as a general release. So Ms. Shapiro, what do we do with the language, this is a general release, and how does one write a general release under your view of Illinois law? So with respect to the general release language, it may have been written that way, but when reading the entire settlement agreements together as a whole, it's clear that it's not a general release because it has specific limitations for two categories of claims. One is claims related to the Cook County Jail lawsuits, and the second being any claims related to Mr. Ramos's time while at the Cook County Jail. And to answer your second question, how to write a general release, the Cook County Sheriff's Office should have written that this settlement agreement waives all claims that Mr. Ramos had from the beginning of time, not that specific language, but since from the beginning of time. That works. That works. From the beginning of time to the day that Mr. Ramos signed a settlement agreement. Any and all claims. And in your view, does any reference to any specific claims nullify the generality of that language? No, it would refer to one of the categories. So the any and all claims and the including but not limited to language is mentioned twice in the settlement agreements, and it's not a coincidence. They're mentioned twice because there are two categories of claims that are released. Okay. If I'm a defendant, I want peace, right? I'm writing a check. I want peace with this person. And I don't want to have this kind of debate two, three, four years later. Does any reference to specific claims like the two cases then pending in the Northern District of Illinois or the broader reference to just claims in the Cook County Jail, does that nullify my effort to get total peace? Yes. Because if you wanted total peace in the sense that you never want Mr. Ramos, in this case, to bring any claims against the language that you have. That have arisen to the moment he puts his pen to the paper. Correct. And if you are seeking peace, it would have written any and all claims relating to Judge Hamilton arising from the beginning of time until the date in September 2017 when Mr. Ramos signed those releases. You would not have wanted the limitations in this settlement agreement, which reference the two lawsuits, but also any claims arising out of only his time while in the Cook County. If we use that language, would the caption on the document be enough to nullify the generality? I'm sorry. I don't understand the question. The settlement agreement has the caption of the particular case. Correct. And presumably it also provides that case will be dismissed, right? Right. And in paragraph three of the settlement agreement, it says that this is a full and complete settlement. So why isn't that a sufficient basis, a specific enough reference to nullify my effort to buy total peace with Mr. Ramos up to today? Because there was no effort in this case to bring, let's say, total peace to the defendants. The peace that they had when walking away with this particular settlement agreement language was only that any claims that arise out of the Cook County Jail lawsuit allegations and any time while Mr. Ramos was in the Cook County Jail. But if those officers, for example, they had been working in the Cook County Jail, but if they were then the office. Counsel, what do you do with the language that says including but not limited to? And then it goes on to talk about the circumstances of the pending cases. Right. So we've got two things here. There's first the statement. This is a general release. And then we have the including but not limited to. Your argument at a minimum is it is indeed limited to those cases. So what do you do with the language not limited to? So the including but not limited to language, which is mentioned twice, refers to any and all claims. And if we continue reading, it says arising out of the allegations made against Cook County. And then it's not limited to those things. But your whole argument before us now is that it is limited to those things. If if we took the reading that it was a general release, it would render the citations to the specific categories of claims. The Cook County Jail lawsuits and the time spent that any allegations arising out of Mr. Ramos's time in the Cook County Jail meaningless that it would be entirely contrary to how Illinois law interprets a release as a special. What is your understanding of the effect of that language? What I'm hearing is you're saying it has none. We should just ignore it. No, Your Honor. I'm saying what is its effect? So if Mr. Ramos came up with some kind of claim, any kind of claim that. Was outside of the constitutional, federal or state law boundaries, whatever that claim may be. If the international law claims Mars law. Sure. If he came up with any kind of claim like that and attempted to bring it, then the Cook County Sheriff's Office could say, well, we had language that said including but not limited to. And it was arising out of these Cook County Jail lawsuit allegations and your time in the Cook County Jail. And therefore you are barred from bringing those kinds of claims against Cook County. But those it does not convert this specific limited release into a general one because that's not how Illinois law interprets. I thought your position was, in essence, put a parenthesis in front of including but not limited to and put a parenthesis after accrued. Right. That that two and a half lines refers to types of claims. And then you get a rising out of the allegations made against that. I'm manipulating. Punctuation for clarity's sake there, but it's not. I will tell. And I want to ask Miss Clayton your your thoughts on this subject about whether it's clear that that including but not limited to through any costs accrued. Looks forward in the sentence to any and all actions, et cetera, or applies to just arising out of allegations made against Cook County without relying upon this unusual provision or these unusual Illinois cases dealing with specific and general releases. Just the way this is written. The way this is written does not look forward. It only looks at the existing claims at the time that Mr. Ramos signed the settlement agreement release. And with that, I will ask to reserve the remainder of my time for rebuttal. Certainly, counsel. Thank you. Miss Clayton. May it please the court. We asked the court to affirm the district court's judgment as the settlement agreements unambiguously release plaintiff claims because first, it is clear the plain language of the settlement agreements bars plaintiff present claim. Second, the settlement agreements are not limited to claims that arose out of Cook County jail. Third, the settlement agreements are not limited to specific claims. Turning to my first argument. Settlement agreements are contract and must be governed by Illinois contract law. At the district court level, neither party argue whether the settlement agreements were ambiguous. Therefore, this set these settlement agreements are deemed as unambiguous. This court held. Are we allowed to disagree with that view? To say each of you says it's unambiguous in your own favor. Yes, your honor. So I might look at this. In fact, I do look at this and it does seem ambiguous to me. Because I don't know which direction that phrase including but not limited to you. Any and all claims, etc. In any cost accrued. I don't know whether that's referring to. There is referring forward to any and all actions or whether it also is limited to just arising out of the allegations made against Cook County. So there's a couple points to that. First, plaintiffs have waived their arguments at the district court level. So they're not allowed to bring that up. Therefore, the plaintiff. We're trying to counsel. We're trying to interpret the language. Okay, just as to get this right as a matter of law. You're each saying it's unambiguous in your favor. I'm asking you to address my question about a possible ambiguity here. So first, the settlement, the general release begins at the beginning of paragraph seven, not in the middle where it starts with including but not limited to. And that section says that plaintiff fully and forever release defendants and its agents, employees and former employees for any and all actions, including but not limited to any all claims for constitutional federal law or state law violation. That is when the general release began and plaintiff is only trying to take if there were a period. After either in law or in equity or after any costs accrued, you would have a much stronger argument. The problem is that the language this is this is a spectacular sentence, right? Yes, I agree, your honor, that it is a run on sentence. But however, you we still have to apply the plain language of the phrase, including but not limited to. And that does look forward and also backwards as plaintiff claim arose before he even signed this contract. So it could refer to, as I say, Martian law or international human rights law, which is sometimes used in American courts involving citizen police encounters. Why not just interpret it that way and then allow the arising out of the allegations made against Cook County to apply to everything that has gone before? I believe it does, if you look at the entirety of the paragraph of the general release in paragraph seven. I've I've looked at it. I will make it on it does run on. But as we said before, let me let me let me ask a slightly different question. Looking a little further down after the set references to the specific pending cases. There's the second part of big part of the sentence or any claim or suit which they their heirs of signs and legal representatives may heretofore or hereafter have had by reason of said allegations. Who's the antecedent for they grammatically in that sentence? I think it's meant to say plaintiff, but there are a lot of intervening candidates between the reference to plaintiff and the use of the pronoun they. I understand your honor. I think it's meant to be all inclusive and it is redundant. But the draft respect that it will be safer to include everything instead of excluding terms and allowing plaintiff to bring claims that we wanted to say that it was a general release. And on the third part of the sentence start starts out as well as any other such claims. What are such claims? It's just being redundant of the claims that we already previously stated constitutional claims, federal lawsuits, state lawsuits, any claims that plan will bring that arose before the execution of this document, which was in September of 2017. OK. This may suggest not only that non reference pronouns be eliminated, but that the archaic words such be eliminated from all of your documents and no sentence ever exceed 10 words. Right. If you could achieve that, have documents that were an awful lot clearer. I'm not sure what's going to happen in this case, Ms. Clayton, but the county legal department might want to reconsider their standard language. That's what we're all telling you. Yes. This document was formatted back in 2017. Since then, our office has updated our settlement agreements. Good to know. Well, we'll let you know the next time we see one of these, whether you have succeeded. Yes, your honor. I understand. I would like to go to my skip down to my third point that plaintiff was speaking about. That this settlement agreement is limited to only specific claims that's not supported by any case law. This court held in Crosby City that it will be odd for settlements, not to mention the underlining suit that prompted it. The desire to dispose of those claims is what drove the party to the bargaining table. So the settlement just mentioning the Brzezinski and the Jones case does not mean that these settlement agreements are limited to those claims. It is common practice in Illinois law to mention the claims that bring the parties to the table. Going back to applying the plain language, I would like to point out that including but not limited to. When you apply the plain language of that in black law dictionary, the participle including typically indicates a partial list. So even though this document does say claims arising out of Cook County Jail, directly preceding it, it says including but not limited to. So even though it is a run on sentence, stringing that together, it is including claims but it's not limited to claims arising out of Cook County Jail. Going back to my second argument, plaintiff was just simply trying to misinterpret the agreement by taking only one sentence and trying to construe out of existence the entirety of the general release. Your Honor has mentioned before that the title of the document says this is a general release. At the end of paragraph 7, it says this is a general release. And also going to paragraph 16, plaintiff signed a document that says plaintiff acknowledged that he reviewed the document and acknowledged that he has read this document and understood the context thereof. And plaintiff did waive that agrees that this document is not ambiguous. So he is restricted to the four corners of this document. And by signing this document, he does admit that it is not limited to claims that arose out of Cook County Jail. And it does not refer to specific claims. Also further, plaintiff brings up in his brief that his claim, he did not contemplate his excessive force claim, but that is also not supported by the court. In fair versus internal favors, the court held that general release is valid to all claims of which a signing party has acknowledged actual knowledge or that he could have discovered upon reasonable inquiry. Plaintiff was in jail at the time for his excessive force claim when he signed this document. So he cannot state that he did not contemplate it when that is completely against what this court has already held. To sum up the defendant's arguments, the lower court was correct when it applied the plain, ordinary meaning of the words in the settlement agreement and read the agreement as a whole pursuant to Illinois contract law. Plaintiff is bound, whether he likes it or not, to Illinois contract law. Plaintiff must apply the plain meaning of the language. He must look at the words, including but not limited to. He cannot write that out. And he must look at the proceeding, the other phrase that signals a general release, which is any and all claims, regardless if there's not enough punctuation, regardless if it is a run-on sentence. If this court does not have any more questions, we rest on our brief and ask this court to affirm the district court's judgment. Thank you. Thank you, Ms. Clayton. Anything further, Ms. Shapiro? Yes, sir. We'll round you up from 40 seconds to a minute. I won't say we'll bump you up. That's a different case. Which hopefully you didn't have to sit through. Your Honors, the Cook County Sheriff's Office cannot attempt to belatedly rewrite the settlement agreement language in an attempt to bar Mr. Ramos' claims. The language is written as is. It has two sets of limitations that they're placing on the scope of the agreement. And the Cook County Sheriff's Office cannot now turn around and attempt to rewrite the agreement and turn it into a general release. I also note that if both parties say that they have an unambiguous interpretation of the contract or the settlement agreement at issue, then summary judgment is not appropriate. Both sides, although I disagree with Ms. Clayton and the argument that she has made, the interpretation here was not appropriate for summary judgment. I don't understand why anybody is talking about summary judgment. Release is an affirmative defense under Rule 8. Decided by the judge. And in this case, we disagree with the District Court's opinion to hold... No, it doesn't get to summary judgment. It's decided under Rule 12c. This is not the time to explore how you deal with releases in federal litigation. Your Honor, we ask that you vacate the District Court's entry of summary judgment and remand the case for further proceedings. Thank you. Thank you very much. The case is taken under advisement.